UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

TYRE DAVIS,

              Defendant.

No. 14-cr-212 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of two *pro se* motions filed by Defendant Tyre Davis in which he asks the Court to (1) "correct" the two-year sentence he received for violating the terms of his supervised release when he committed a robbery in violation of state law (Doc. No. 1089 ("Postconviction Motion")), and (2) appoint him new counsel so he can file a motion to correct his sentence or transfer him to a different correctional facility (Doc. No. 1087 ("Appointment Motion")). By way of background, the Court sentenced Mr. Davis in November 2019 to a term of two years' imprisonment for a violation of the terms of his supervised release ("VOSR"), to run consecutive to his state sentence for robbery in the first degree. (Doc. No. 972.) According to federal and state records, Mr. Davis completed his state sentence on April 29, 2024 and is currently serving his federal sentence at the Federal Correctional Institution at Ray Brook in Upstate New York. The Court addresses each of Mr. Davis's motions in turn.

      In his Postconviction Motion, Mr. Davis moves to "correct" his federal sentence on a number of grounds, including ineffective assistance of counsel and assorted errors by the Court during his VOSR proceedings and sentencing. (Postconviction Motion at 1.) These arguments raise issues that should be made in a motion under 28 U.S.C. § 2255, which "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245

F.3d 144, 146–47 (2d Cir. 2001); *see also United States v. Carrasco*, 378 F. Supp. 3d 315, 316 (S.D.N.Y. 2019) (challenge to application of Guidelines); *United States v. Wells*, No. 19-cr-212 (VEC), 2022 WL 1546660, at *1–2 (S.D.N.Y. Apr. 15, 2022) (ineffective assistance of counsel). Mr. Davis, however, did not assert that he was filing the Postconviction Motion pursuant to section 2255. And while the Court could construe his motion as one made under section 2255, the Supreme Court has imposed strict limits on when district courts may do so, given the potential consequences of filing an initial section 2255 motion that is incomplete. *See Castro v. United States*, 540 U.S. 375, 382 (2003). In light of those limits, the Court cannot construe the Postconviction Motion as a section 2255 motion unless it first notifies Mr. Davis that it intends to recharacterize his Postconviction Motion as one under section 2255, warns him that this recharacterization means that any subsequent section 2255 motion will be subject to the severe restrictions on "second or successive" motions, and provides him an opportunity to withdraw the Postconviction Motion or to amend it so that it contains all of the section 2255 claims he believes he has. *Id.* at 383.

The Court thus advises Mr. Davis that, if he agrees to have his Postconviction Motion construed as a request for relief under section 2255, then he cannot bring another section 2255 motion for postconviction relief unless that motion raises newly discovered evidence or invokes a new rule of constitutional law. *See* 28 U.S.C. §§ 2255, 2244(b) (defining the "second or successive" motions rule). Because there is no guarantee as to whether or when such events may occur, Mr. Davis should be aware that if he proceeds in this manner then he may not be able to file any more postconviction motions to challenge his sentence.

This leaves Mr. Davis with three options: (1) proceed with the Postconviction Motion in its current form, which the Court will construe as a request for relief under section 2255, (2) file an amended version of the Postconviction Motion that fully details his challenges under section 2255, or (3) withdraw the Postconviction Motion entirely. If Mr. Davis wishes to proceed with a challenge to his sentence, the Court encourages Mr. Davis to amend his Postconviction Motion so that it addresses and fully presents all of his claims – which the present version of his motion does not appear to do. Indeed, the Postconviction Motion does not fully develop any of Mr. Davis's sentencing challenges and instead alleges several errors in his sentence without providing any background information or argument. For instance, while the Postconviction Motion suggests that his counsel was deficient and that the Court miscalculated his Guidelines range, it does not provide any details as to what errors his counsel made or how the Court made a Guidelines error. Mr. Davis should consider filing an amended motion that explains these arguments in more detail. He may wish to take advantage of the S.D.N.Y. form that *pro se* (unrepresented) litigants may use to file motions under section 2255, which is available at https://www.nysd.uscourts.gov/sites/default/files/2019-04/2255-ao-motion-and-instructions.pdf.[1]

Accordingly, by September 12, 2024, Mr. Davis shall inform the Court whether he wishes to amend or withdraw the Postconviction Motion or whether he instead wishes to proceed with the Postconviction Motion construed as a request for relief under section 2255. If Mr. Davis elects to proceed with the Postconviction Motion in its current form, or to file an amended version of that motion, then the Court will consider his motion on the merits. The Court again cautions Mr. Davis

---

[1] Mr. Davis should also be aware that section 2255 motions generally must be filed within one year of the date on which a defendant's conviction became final. *See* 28 U.S.C. § 2255(f)(1). If Mr. Davis decides to file an amended motion, he should explain in that motion why his motion is timely, as it appears that the Postconviction Motion was filed more than one year after his conviction became final in 2019.

that if he proceeds with the Postconviction Motion or files an amended motion under section 2255, then he generally will be unable to file another challenge to his conviction or sentence unless he discovers new evidence or invokes a new legal precedent.

As for Mr. Davis's second motion – the Appointment Motion – the Court denies it without prejudice. Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "the right to appointed counsel extends to the first appeal of right, and no further," *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Second Circuit has explained that courts "may appoint an unrepresented party counsel" based on "factors includ[ing]: (1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (citing *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986)).

Here, the Appointment Motion does not specify Mr. Davis's arguments in enough detail to merit the appointment of counsel under *Hodge*. Although Mr. Davis says he wants to "appeal" the sentence he received for his VOSR, the Appointment Motion does not describe the grounds for that challenge in any detail. (Appointment Motion at 1.) It is possible, indeed likely, that Mr. Davis seeks counsel to assist him in litigating his Postconviction Motion. But even if that is true, the Postconviction Motion is also too vague to satisfy the *Hodge* factors. Mr. Davis does not indicate, for instance, why the fact that he did not receive a copy of the VOSR summons would

4

invalidate his violation or alter his sentence. *See Johnson v. Avery*, 393 U.S. 483, 488 (1969) ("[T]here is [no] general obligation . . . to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief."). And while the Postconviction Motion seems to assert that the Court incorrectly calculated his Guidelines range as 24 to 30 months instead of 12 to 18 months, that argument would not merit appointment of counsel under *Hodge*. For one thing, that argument would lack "substantial merit," *Garcia*, 669 F.3d at 98, given that the Court *did* calculate Mr. Davis's Guidelines range as 12 to 18 months. (Doc. No. 976 at 23.)[2] Nor would such a challenge be particularly complex or involve any investigation into factual issues or credibility, *Garcia*, 669 F.3d at 98–99, as it appears that Mr. Davis is arguing that the Court made a simple error in his Guidelines range. Mr. Davis's request for counsel to assist him in filing a motion to transfer him to a different BOP facility is equally meritless, since it seeks relief that is not within the Court's power to grant. *See United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons.").

Accordingly, IT IS HEREBY ORDERED THAT Defendant's Appointment Motion is DENIED without prejudice to his making a future request for appointment of counsel, in which case he should provide an affidavit describing the claims he wishes to bring and establishing facts supporting the *Hodge* factors set forth above. As already indicated, IT IS FURTHER ORDERED THAT Defendant shall inform the Court by September 12, 2024 whether he intends to proceed

---

[2] Although the Court sentenced Mr. Davis to an above-Guidelines sentence of 24 months, the Guidelines are not binding, and district courts have discretion to impose sentences above or below the Guidelines. (Doc. No. 976 at 26–27 (explaining that a two-year sentence was appropriate given Mr. Davis's repeated violations and the fact that committing a robbery was a significant breach of trust).)

with his Postconviction Motion construed as a request for relief under section 2255 or whether he wishes to amend or withdraw it. The Clerk of Court is respectfully directed to mail a copy of this order to Tyre Davis and to terminate the motion pending at Doc. No. 1089.

SO ORDERED.

Dated: August 9, 2024
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation