UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

TYRE DAVIS,

              Defendant.

No. 14-cr-212 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Before the Court is Defendant Tyre Davis's motion to correct his sentence, construed as a motion brought pursuant to 28 U.S.C. § 2255. (Doc. No. 1089.) For the reasons set forth below, the motion is denied.

    In November 2019, the Court sentenced Mr. Davis to a term of two years' imprisonment for violating the terms of his supervised release, to run consecutive to his seven-year state sentence for robbery in the first degree, which formed the basis of the violation. (Doc. No. 972.) On June 7, 2024, Mr. Davis – who by then had been released from state custody and was serving his federal sentence as an inmate at the Federal Correctional Institution at Ray Brook, New York – filed a *pro se* motion to "correct" his two-year federal sentence on the grounds that he received ineffective assistance of counsel, that he did not receive a copy of the probation report detailing the probable cause for his violation of supervised release, and that the Court applied the incorrect sentencing guideline. (Doc. No. 1089 ("Postconviction Motion").)

    On August 9, 2024, the Court entered an order informing Mr. Davis that it was in receipt of his June 7, 2024 motion and advising him that 28 U.S.C. § 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence" on the grounds raised in his motion. (Doc. No. 1095 at 1–2 (quoting *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001).)

The Court observed that "while [it] could construe [Mr. Davis's] motion as one made under section 2255, the Supreme Court has imposed strict limits on when district courts may do so, given the potential consequences of filing an initial section 2255 motion that is incomplete." (*Id.* at 2 (citing *Castro v. United States*, 540 U.S. 375, 382 (2003).)  As a result, the Court identified three options that Mr. Davis could pursue:  "(1) proceed with the Postconviction Motion in its current form, which the Court will construe as a request for relief under section 2255, (2) file an amended version of the Postconviction Motion that fully details his challenges under section 2255, or (3) withdraw the Postconviction Motion entirely." (*Id.* at 3).  The court then ordered Mr. Davis to inform the Court by September 12, 2024 as to how he wished to proceed.  When Mr. Davis failed to respond by the September 12, 2024 deadline, the Court *sua sponte* ordered the Clerk of Court to mail another copy of the August 9, 2024 order to Mr. Davis and extended his deadline to respond *nunc pro tunc* to December 1, 2024.  (Doc. No. 1102.)  To date, the Court has still not received a response from Mr. Davis.  Having "warn[ed] [Mr. Davis] about the consequences of the recharacterization" and "giv[en] [Mr. Davis] an opportunity to contest the recharacterization," *Castro*, 540 U.S. at 382, the Court now construes his Postconviction Motion as one brought under section 2255.

Pursuant to subsection 2255(f)(1), a section 2255 motion generally must be brought within one year of the date on which the judgment became final.  28 U.S.C. § 2255(f)(1).  Because Mr. Davis did not appeal his violation of supervised release or resulting sentence, the judgment became final on December 9, 2019, fourteen days after judgment was entered.  *See United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019) (citing Fed. R. App. P. 4(b)(1)(A)(i)).  The Court now holds that, because Mr. Davis filed the instant motion more than four years later – on June 7, 2024 – his motion is untimely.  None of the extenuating circumstances set forth in section 2255(f) apply.  *See*

28 U.S.C. § 2255(f)(2)–(4).  Mr. Davis also has not shown that the one-year filing deadline should be equitably tolled.  *See Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001).

Accordingly, the Court HEREBY DENIES Mr. Davis's section 2255 motion as untimely. In addition, because Mr. Davis has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability with respect to his section 2255 motion, *see Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's decision with respect to Mr. Davis's section 2255 motion would not be taken in good faith and, therefore, Mr. Davis may not proceed in forma pauperis, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Davis at FCI Ray Brook and to terminate the motion pending at Doc. 1089, now construed as a section 2255 motion.

SO ORDERED.

Dated:  December 26, 2024
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation